# APPENDIX

Summary of Plaintiffs' Claims
Appendix

Murray:          Ct. I        Title VII
(06 C 1372)      Cts. II - V   Dismissed per Agreed order: Doc. No. 25 (07/19/2006)
                               Reinstated per order: Doc. No. 100 (06/11/2009):

                 Ct. II   §1983 Interference with Civil Rights
                 Ct. III  §1981 Interference with Contract based on race
                 C. IV    §1985 Conspiracy
                 Ct. V    Breach of Contract (State Law)

Peers:           Ct. I        Title VII
(06 C 3735)      Cts. II - V   Dismissed per Agreed order: Document 33 Filed 04/11/2007]
                               Reinstated per order: Doc. No. 83 (06/11/2009):

                 Ct. II   §1983 Interference with Civil Rights
                 Ct. III  §1981 Interference with Contract based on race
                 C. IV    §1985 Conspiracy
                 Ct. V    Breach of Contract (State Law)

Garofalo:        Ct. I        Title VII
(06 C 3674)      Cts. II - V   Dismissed per Agreed order: Document 28 Filed 04/11/2007
                               Reinstated per order: Doc. No. 58 (06/11/2009):

                 Ct. II   §1983 Interference with Civil Rights
                 Ct. III  §1981 Interference with Contract based on race
                 C. IV    §1985 Conspiracy
                 Ct. V    Breach of Contract (State Law)

Nelson:          Ct. I        Title VII
(06 C 3675)      Cts. II - IV  Dismissed per court's order: Document 30 Filed 04/11/2007
                               Reinstated per order: Doc. No. 61 (06/11/2009):

                 Ct. II   §1981 Interference with Contract based on race
                 C. III   §1985 Conspiracy
                 Ct. IV   Breach of Contract (State Law)

11996-TRW,SJS　　　　　　　　　　　　　　　　　　　H:\Trw\11996\pldgs\MTD.wpd  ATTY # 06184955

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICK B. MURRAY,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>VILLAGE OF HAZEL CREST, ROBERT B.<br>DONALDSON, GARY A. JONES, and<br>ROBERT L. PALMER,<br><br>　　　　　　　Defendants. | No. 06C001372<br><br>Judge William T. Hart |

## MOTION TO DISMISS
## COUNTS II, III, IV AND V OF PLAINTIFF'S COMPLAINT

NOW COME the Defendants, VILLAGE OF HAZEL CREST, ROBERT B. DONALDSON, GARY A. JONES, and ROBERT L. PALMER, by and through their attorneys, NORTON, MANCINI, WEILER & DEANO, and hereby move this Honorable Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Counts II through V of Plaintiff's Complaint for failure to state a claim upon which relief may be granted. In support of said Motion, Defendants state as follows:

## INTRODUCTION

Plaintiff Patrick B. Murray has filed this Complaint seeking compensatory and injunctive relief for injuries he purportedly sustained when the Village of Hazel Crest chose

an African-American police officer to be the deputy chief of police instead of him. Plaintiff is alleging reverse race discrimination.

Plaintiff, who is Caucasian, started working in the Village of Hazel Crest's police department in 1977 and was promoted to Sergeant in 1995. According to the allegations in Plaintiff's Complaint, in 2005 a vacancy occurred in the position of Deputy Chief of Police. Officer Malcolm White, an African-American, began working for the police department on May 27, 1998. Police Chief Gary Jones appointed Officer White Deputy Chief of Police on July 12, 2005. On December 1, 2005 the Plaintiff submitted his notice of retirement.

Count II is brought pursuant to 42 U.S.C. §1983 and is based on Plaintiff's contention that he had a property interest in his continued employment with the Village of Hazel Crest. He argues that he was constructively discharged from his job as sergeant when he was humiliated when White was appointed Deputy Police Chief instead of him ( See Plaintiff's Complaint, paragraph 84) Count II should be dismissed since the allegations in Count II that Plaintiff was insulted, humiliated and embarrassed when he did not get the appointment do not rise to the level of a constructive discharge.

Count III of the complaint alleges intentional interference with Plaintiff's contractual relationship of employment in violation of 42 U.S.C.§1981. It fails to state a cause of action for three reasons. First, an employer cannot interfere with the contractual relationship with his employee. Second, there is a disclaimer in the employee manual upon which the Plaintiff contends the employment contract is based, defeating any contract claim. Third, the Plaintiff

did not have a property interest in a promotion to Deputy Police Chief. For all of these reasons Count III should be dismissed.

Count IV alleges the Defendants conspired to deprive the Plaintiff of his civil rights in violation of 42 U.S.C. §1985. This cause of action must fail since the Defendants are all officers or employees of one entity, the Village of Hazel Crest, and cannot by definition "conspire" with one another pursuant to the intracorporate conspiracy doctrine.

Count V purports to state a claim for breach of contract based on state law. It is deficient since the employee manual contains a disclaimer and since the Plaintiff did not have a property interest in promotion to deputy chief of police.

For all the above stated reasons, Counts II through V of Plaintiff's complaint fail to state a cause of action and should be dismissed with prejudice.

## Count II–Plaintiff's Allegations of Being 'Insulted, Humiliated and Embarrassed" Do Not State a Claim Pursuant to 42 U.S.C. Section 1983.

In Count II Plaintiff alleges he had a property interest in his continued employment with the Village of Hazel Crest. He alleges that the Defendants intentionally deprived him of his property interest in violation of 42 U.S.C. §1983 when Malcolm White, an African-American, was appointed deputy chief of police instead of him. Since Plaintiff only lost his job when he voluntarily resigned as police sergeant due to his having been insulted and humiliated (Complaint paragraph 84), the alleged claim is one of constructive discharge. He claims that because he was not appointed Deputy Police Chief, he was insulted, humiliated and embarrassed which forced him to resign by submitting his notice of retirement. (Complaint paragraph 84)

Count II should be dismissed because Plaintiff has alleged facts that do not support a claim of constructive discharge. To proceed under such a cause of action, Plaintiff must prove that his working conditions were so intolerable as a result of the discrimination that a reasonable person would be forced into involuntary resignation. *Tutman v. WBBM-TV/CBS, Inc.*, 209 F.3d 1044, 1050 (7th Cir.2000); *Drake v. Minnesota Mining & Manuf. Co.*, 134 F.3d 878, 886 (7th Cir. 1998). Plaintiff alleges only that he was insulted, humiliated and embarrassed. (Complaint paragraph 84)

An employee is constructively discharged when he resigns his position because of intolerable working conditions that a reasonable person would also have found unbearable. *Robinson v. Sappington*, 351 F.3d 317, 336 (7th Cir. 2003). "Working conditions for constructive discharge must be even more egregious than the high standard for hostile work environment because in the ordinary case, an employee is expected to remain employed while seeking redress." *Id.* (internal quotes omitted). Usually such cases involve threatened or actual physical violence, while in contrast "a range of unpleasant and even embarrassing employer actions" have been found "tolerable and therefore insufficient to effect a constructive discharge". *Simpson v. Borg-Warner Auto.,Inc.*, 196 F.3d 873, 877 (7th Cir. 2001).

The allegations made in Plaintiff's Complaint simply do not rise to the level of a viable cause of action for constructive discharge. Allegations of being insulted, humiliated and embarrassed do not allege working conditions that would be so intolerable that an ordinary person would be forced into resigning. Moreover, common sense dictates that the

selection of another for a position within a Village police department is not the type of action to support a constructive discharge claim. Plaintiff was not terminated and did not resign but requested and received early retirement. (Complaint paragraphs 85-86)

Plaintiff makes no allegations that actions were taken against him that effected his job or even that language used to him or about him was inappropriate. His only contention is that he did not get the promotion he wanted and that he was assigned some of the duties and responsibilities he believes should have been handled by the Deputy Chief of Police. (Complaint paragraph 74) Plaintiff's emotional response to not receiving a promotion, by itself, does not create an intolerable working conditions for a reasonable person. Count II should be dismissed.

## Count III–Plaintiff Has Failed to State a Cause of Action Pursuant to 42 U.S.C. Section 1981.

In Count III, Plaintiff alleges that the Defendants intentionally interfered with a contractual relationship of employment with the village by not selecting him for the position of Deputy Chief of Police. (Complaint paragraph 95). He asserts this claim pursuant to 42 U.S.C. §1981. 41 U.S.C. §1981 states:

"(a) Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) Protection against impairment

The rights protected by this section are protected against impairment by non-governmental discrimination and impairment under color of State law."

Plaintiff contends that Defendants intentionally interfered with his contractual relationship of employment when they promoted an African-American to the position of assistant chief of police instead of him.. (Complaint paragraph 95) As a basis for alleging a contractual relationship, Plaintiff cites the Village of Hazel Crest's Employee Personnel Manual and attached a copy of the manual as Exhibit. 2 to his Complaint. (See paragraphs 28 through 34 of Plaintiff's Complaint)

### A. Claims for interference with an employment relationship are inapplicable to the Defendants.

Plaintiff's allegations are fatally defective because the Defendants are all officers of and employed by the Village of Hazel Crest. Any contract that purportedly existed would have been between the plaintiff and his employer, the Village of Hazel Crest. Claims for interference with an employment relationship are typically inapplicable to the employer or agent who actually terminates the employee. *Rozskowiak v. Village of Arlington Heights,* 2004 WL 816432 (N.D. Ill. 2004).

In *Fuller v. Chicago College of Osteopathic Medicine,* 719 F.2d 1326, 1333 (7th Cir. 1983) the Seventh Circuit stated "(c)orporate officers are not outsiders intermeddling

maliciously in the business affairs of the corporation. They are privileged to act on behalf of their corporations, using their business judgment and discretion." (citation omitted.) The court then went on to note that to state a cause of action against a corporate officer for interfering with the principal's contract, the plaintiff must allege the corporate officer induced the breach to further personal goals or to injure the plaintiff, and that the officer acted contrary to the best interest of the corporation. *Fuller, Id. at 1333.* See also: *Rozskowiak v. Village of Arlington Heights,* 2004 WL 816432 at p. 9 (N.D. Ill 2004)

While "[l]iability may attach if a supervisor acts solely for his or her own personal interest, and totally unrelated to or antagonistic to the interest of the employer, in order to effectuate a wrongful termination of a subordinate," (*Otterbacher v. Northwestern University,* 838 F. Supp. 1256, 1261 (N.D. Ill 1993), there are no such allegations here.

In *Rozxkowiak,* the court recognized the "corporate privilege" espoused in *Fuller.* The court used it to grant the dismissal of a claim for intentional interference with an employment relationship. *Id.* at *9. The "corporate privilege" doctrine applied because there was no evidence that defendants acted in a manner that was detrimental to the police department or that they acted outside their corporate authority. *Id* at *9.

In the instant case there is nothing in the complaint that would suggest the Defendants were acting in their own interests or outside the scope of their corporate authority. Instead the

allegations indicate the opposite. Chief Jones was authorized by law to select his deputy chiefs. 65 ILCS 5/10-2.1-4. Since the Defendants were acting on behalf of the Village of

Hazel Crest the decisions they made could not interfere with his employment relationship with the Village. Such a contention does not state a viable cause of action.

## B. The disclaimer in the employee manual states that it is not intended nor should it be construed to be an employment contract.

Plaintiff does not identify or refer to any language in the employee manual that establishes or even implies he was entitled to be selected for the deputy chief of police position. Additionally, the manual, upon which he alleges he relies, states that it is not an employment contract.. Specifically at page 3, Section A,1.0, in bold type, the manual states:

> "THIS MANUAL IS NOT INTENDED NOR SHOULD IT BE CONSTRUED AS AN EMPLOYMENT CONTRACT, EITHER EXPRESSED OR IMPLIED, BETWEEN THE VILLAGE OF HAZEL CREST AND ANY VILLAGE EMPLOYEE. THE MANUAL IS SUBJECT TO REVISION, AMENDMENT AND CHANGE AT ANY TIME AT THE SOLE DISCRETION OF THE VILLAGE."

In Illinois employment handbooks have the potential to form contracts between employers and workers. See: *Duldulao v. Saint Mary of Nazareth Hospital Center*, 115 Ill.2d 482, 505 N.E.2d 314, 106 Ill. Dec. 8, ( 1987) In that case the Illinois Supreme Court stated:

> ". . . [A]n employee handbook . . . creates enforceable contractual right if the traditional requirements for contract formation are present. First, the language

of the policy statement must contain a promise clear enough that an employee would reasonably believe that an offer has been made. Second, the statement must be disseminated to the employee in such a manner that the employee is aware of its contents and reasonably believes it to be an offer. Third, the employee must accept the offer by commencing or continuing to work after learning of the policy statement. When these conditions are present, then the employee's continued work constitutes consideration for the promises contained in the statement, and under traditional principles a valid contract is formed" *Duldulao, id.* at p. 318.

It should be emphasized that the Supreme Court noted that the handbook in that case contained no disclaimers. *Duldulao, id.* at p. 319.

When a disclaimer is present in an employee handbook and it specifically disclaims that it is a contract, the disclaimer is the best evidence of whether the parties intended to form a contract. The disclaimer is enough to show that the handbook does not create legal rights. *Garcia v. Kankakee County Housing Authority,* 279 F.3d 532, 535-536 (7th Cir. 2002);

*Freeman v. Chicago Park Dist.,* 189 F.3d 613, (7th Cir. 1999) involved a former employee of the Chicago Park District who alleged that racial harassment led to her termination. After a jury trial which, according to the plaintiff, rendered an inconsistent verdict the plaintiff sought to change her theory of the case and alleged that an employee handbook created a contract that prohibited employees from engaging in harassing conduct. The court found that an employee handbook which specifically disclaimed it was a contract was itself ". . .the best evidence of whether the parties intended to form contract. We need nothing more to conclude it is not a contract. . . " *Id.* at 617.

In the instant case, the disclaimer is at the beginning of the handbook in bold print. It states emphatically that it is not intended nor should it be construed as an employment

contract. It is clear to any reasonable person reading the disclaimer that the Village of Hazel Crest did not intend the handbook to be a contract. Plaintiff's Count III should be dismissed for failure to state a claim upon which relief can be granted.

### C. Plaintiff did not have a property interest in the deputy chief of police position.

Plaintiff contends that a contractual relationship of employment with the Village entitled him to certain benefits, including the right to be promoted to the position of deputy chief of police. (Complaint paragraphs 92-93) As has already been argued Plaintiff did not have an employment contract with the Defendants. Furthermore, he did not have a property interest in the position of deputy chief.

In order to have a property interest in a benefit, a plaintiff must show that he has more than an abstract need or desire for it. *Miller v. Crystal Lake Park Dist.,* 47 F.3d 865 (7th Cir.1995)(quoting *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S. Ct. 2701 33 L. Ed.2d 548 (1972). Property interests exist only if there are "existing rules or understandings" independent of the United States Constitution that establish that there is a "mutually explicit understanding" between the parties that there is an entitlement to a benefit. *Moore v. Muncie Police and Fire Merit Comm's,* 312 F.3d 322, 326 (7th Cir. 2002). In order to have a property interest in a particular benefit "a person. . . must have more than a unilateral expectation of it (but) instead must have a legitimate claim of entitlement to it. *Upadhya v. Langenberg,* 834 F.2d 661, 665 (7th Cir. 1987). "An employee has no property interest in a prospective promotion, even when placed on a eligibility or ranking list." *Moore, id.* at p. 327. See also:

*Drikos v. City of Palos Heights,* 2004 WL 2010389 (N.D. Ill.); and *United States v. City of Chicago,* 798 F.2d 969, 1038 (7th Cir. 1986).

Likewise here, Plaintiff cannot have a "property interest" in a position for which he has not yet been selected. There is no property interest in a prospective promotion. Accordingly, Count III should be dismissed with prejudice.

## **D. The Defendants complied with Illinois statute when they appointed a deputy chief of police.**

In his Complaint the Plaintiff refers to the Illinois Municipal Code at 65 ILCS 5/10-2.1-4. This statute provides that a non-home rule municipality of 130,000 or fewer inhabitants may have two deputy chief of police positions if the police department has 25 or more full-time police officers. It states that the deputy chief position shall be an exempt rank immediately below that of chief. The deputy chief may be appointed from any rank of sworn, full-time officers of the municipality's police department, but must have at least five years of full time service as a police officer in that department. Plaintiff asserts that the Chief of Police has the sole authority pursuant to statute and municipal ordinance to appoint the position of deputy chief of police. (Complaint paragraphs 26, 35)

According to the allegations contained in Plaintiff's Complaint, Patrol Officer Malcolm White had been an officer of the Village of Hazel Crest's police department since May 27, 1998, and was promoted to Deputy Chief of Police on July 12, 2005. These allegations show that he met the requirements of the statute of being appointed from the rank

of sworn, full-time officers of the municipality's police department with at least five years of full time service as a police officer in that department. Plaintiff's complaint, on it's face, demonstrates that the Defendants fully complied with the statute that applied to this position.

The language of the statute also indicates that an amount of discretion is retained in deciding who will be appointed as a deputy police chief. The statute allows choices to be made from any rank of sworn full time officers with at least five years of experience. In similar Illinois statutes such as 65 ILCS 5/10-2.1-15, it has been held police and fire officials do not have protected property interests in promotions. See: *Sundstrom v. Village of Arlington Heights,* 826 F.Supp. 1143 (N.C. Ill. 1993); *Bigby v. City of Chicago,* 766 F.2d 1053, 1059 (7th Cir. 1993).

For all of the foregoing reasons, Count III should be dismissed with prejudice.

### Count IV Does Not State a Cause of Action Because of the Intracorporate Conspiracy Doctrine.

Count IV alleges a conspiracy to deprive the Plaintiff of his civil rights pursuant to 42 U.S.C. § 1985.

Section 42 U.S.C. §1985 (3) states in pertinent part:

"(3) Depriving persons of rights or privileges

If two or more persons in any State or Territory conspire . . .for the purpose of depriving, either directly, or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose or preventing or hindering the constituted authorities of any State or Territory the equal protection of the laws; . . . in any case of conspiracy set forth in this section, if one or more persons engage therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."

Throughout his Complaint Plaintiff alleges that the Defendants conspired together to deprive him of his constitutional rights. All of the Defendants held positions working for the Village of Hazel Crest. They are the mayor, the police chief, and the village manager. Since they all worked for the same entity, they could not conspire with one another pursuant to the intracorporate conspiracy doctrine . See: *Allen v. City of Chicago,* 828 F.Supp. 543, 564 (N. Ill 1993) where it was held that the mayor, a city commissioner, and various unnamed members of the same municipal corporation, are not separate persons capable of conspiring with each other for the purposes of Section 1985.

Under the intra-corporate conspiracy doctrine, a conspiracy cannot exist solely between members of the same entity. *Payton v. Rush-Presbyterian-St. Luke's Medical Center,* 184 F.3d 623 (7th Cir. 1999); *Wright v. Illinois Dept. of Children & Family Services,* 40 F.3d 1492, 1508 (7th Cir.1994). Managers of a corporation jointly pursuing its lawful business do not become "conspirators," for purposes of a claim of a conspiracy to interfere with civil rights, when acts within the scope of their employment are said to be discriminatory. *Wright, Id.* at 1508. Accordingly, since the alleged actions of the Defendants were all performed within the scope of their job duties and for the same corporate entity, the Village of Hazel Crest, a conspiracy cause of action cannot survive.

## **Count V of Plaintiff's Complaint Should Be Dismissed Because the Employee Manual Was Not a Contract and Because the Plaintiff Did Not Have a Property Interest in the Deputy Chief of Police Position.**

Count V purports to state a cause of action based on state law for breach of contract. He asserts that "contractual provisions" entitled him to promotion to deputy chief. (Complaint paragraphs 96-97). Once again Plaintiff bases his contract cause of action on the Village of Hazel Crest's employee manual. (Complaint paragraphs 92, 98)    As already

pointed out in Defendants' argument on Count III the disclaimer in the employee manual at page 3 specifically states that it is not an employment contract either express or implied. He also refers to a "policy statement" (Complaint paragraph 94) However, that statement, in no way forms the basis of any contract upon which the plaintiff can base his claim.

To summarize, as argued above, there was no contract between the Plaintiff and the Defendant and the Plaintiff did not have a property interest in a promotion to deputy police chief. As there was no contract, there was no breach of contract and this count should be dismissed.

WHEREFORE, for the above-stated reasons, Defendants request this Honorable Court to grant their Motion to Dismiss Counts II, III, IV and V of Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

Respectfully submitted,
By: s/ Thomas R. Weiler
    Thomas R. Weiler
    Attorney for Defendants
    Thomas R. Weiler (ARDC No. 06184955)

Suzan J. Sutherland
NORTON, MANCINI, WEILER & DEANO
111 West Washington St., Suite 835
Chicago, IL 60602
(312) 807-4999